IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD E. FOWLER, | ) | 4:08CV3176 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WANDA, Last name N/A, In her | ) | |
| Official Capacity as Manager: Biotest | ) | |
| Plasma Center, and BIOTEST | ) | |
| PHARMACEUTICAL, Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on August 18, 2008. (Filing No. 1.) Plaintiff has also filed a Motion to Not Reveal Plaintiff's Name (filing no. 3.), which is pending as of the date of this Memorandum and Order. Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on August 18, 2008, against two Defendants, Biotest Pharmaceutical Corporation ("Biotest"), and Biotest's Manager, Wanda Unknown. (Filing No. 1 at CM/ECF pp. 1-2.) Biotest is Florida corporation that owns and operates Biotest Plasma Center in Lincoln, Nebraska.[1] (*Id*. at CM/ECF p. 2.) Plaintiff is a resident of Lincoln, Nebraska. (*Id*. at CM/ECF p. 1.)

---

[1]Plaintiff provides Biotest Plasma Center's Lincoln address for Defendant Wanda Unknown. (Filing No. 1 at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that Biotest Plasma Center (formerly Nambi Plasma Center) has been compensating him for his plasma twice a week for five years. (*Id*. at CM/ECF p. 2.) Plaintiff alleges that "[d]uring the week of July 14, 2008" Defendant rejected him as a donor because an anonymous person informed Defendant that Plaintiff was a "homosexual." (*Id*. at CM/ECF pp. 3-5.) Plaintiff alleges he is not a homosexual, and that Defendants' act of rejecting him as a donor constitutes "slander," "liable," and breach of a "confidential trust relationship." (*Id*. at CM/ECF pp. 3-9.)

Plaintiff seeks monetary relief in the amount of $500,000.00 for slander, $1,000,000.00 for libel, $500,0000 for mental anguish and duress, and $500,000.00 for breach of fiduciary duties. (*Id*. at CM/ECF p. 9.) Plaintiff also seeks injunctive relief in the form of a court order that directs Defendants to strike any files or references that relate to Plaintiff's sexuality. (*Id*.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is

appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.   DISCUSSION OF CLAIMS

As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

It is clear from Plaintiff's Complaint that the amount in controversy is greater than $75,000.00. However, Plaintiff has failed to allege that the parties to this action are citizens of different states. (Filing No. 1 at CM/ECF p. 1.) In fact, Plaintiff provides a Lincoln, Nebraska, address for Defendant Wanda Unknown. (*Id.*) Thus, there is no diversity of citizenship and 28 U.S.C. § 1332 cannot be a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Affording the Complaint the most liberal construction, Plaintiff fails to allege a violation of his civil rights pursuant to 42 U.S.C. § 1983. Further, even if Plaintiff had alleged a claim under 42 U.S.C. § 1983,

3

he has not alleged that a person acting under color of state law caused the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). An allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

In sum, this court lacks subject matter jurisdiction over Plaintiff's claims and the Complaint must be dismissed. However, because Plaintiff may have state law claims for slander, liable, and breach of contract, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. Plaintiff's Motion to Not Reveal Plaintiff's Name (filing no. 3) is denied as moot.

3. A separate Judgment will be entered in accordance with this Memorandum and Order.

4. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter.

October 23, 2008.　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　*s/Richard G. Kopf*
　　　　　　　　　　　　　　　　United States District Judge